Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd., Ste. 1275
Los Angeles, California 90064
Tel: (310) 312-6800
Fax: (310) 943-2582

Santos Gomez (SBN 172741)
**Law Offices of Santos Gomez**
2901 Park Avenue, Suite B16
Soquel, CA 95073
Tel (831) 471-8780
Fax (831) 471-8774

Attorneys for Plaintiff
REGINA GONZALES GOMEZ and
FIDEL GUERRERO COMOFORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA GONZALES GOMEZ and FIDEL GUERRERO COMOFORT, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDEZ BROTHERS, INC. and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Regina Gonzales Gomez and Fidel Guerrero Comofort ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

**INTRODUCTION**

1. This case arises out of the failure of defendant Fernandez Brothers, Inc. ("Defendant") to pay seasonal agricultural workers who harvest strawberries ("Field Workers") all the wages owed to them for rest period or other non-productive work time and the failure to Defendant to provide Field Workers with second rest periods when they work more than six hours but less than seven and one-half hours in a workday. As a result, Defendant fails to pay Field Workers all the wages owed to them

1
COMPLAINT

upon discharge (including seasonal layoffs) or resignation under Labor Code Section 201 or 202, Defendant fails to pay Field Workers all the wages owed to them under the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), Defendant fails to provide Field Workers with accurate wage statements in violation of Labor Code Section 226 and the AWPA, and Defendant engages in unfair competition. Since January of 2016, Defendant has failed to provide Field Workers with accurate wage statements for the additional reason that wage statements do not state the number of hours spent by Field Workers taking rest periods or engaged in other non-productive work or the amount of compensation for rest period or other non-productive work time. Plaintiffs seek all damages, restitution, and penalties to which they and similarly situated Field Workers are entitled under the AWPA and state law.

**JURISDICTION**

2. The Court has original jurisdiction over Plaintiffs' claims under the AWPA, a law of the United States, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The state law claims are so related to Plaintiffs' claims under the AWPA that they form part of the same case or controversy.

**VENUE**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business and therefore resides in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**THE PARTIES**

    A.    **Plaintiff**

4. Plaintiffs worked as Field Workers for Defendant from approximately May to October 2016. During their employment with Defendant, Plaintiffs were not paid all the minimum wages owed to them for rest period and other non-productive work time, such as performing mandatory morning exercises, attending meetings, or traveling between fields. Plaintiffs were paid hourly wages at the rate of $5.00 an hour plus piece rate wages based on their piece rate production. As reflected on the wage statements attached hereto as Exhibit 1, Plaintiffs were also paid, for each weekly pay period, one additional hour of pay (at a different rate each pay period) for "ADDL REST PE." This additional

pay, when added to the amount of Plaintiffs' hourly wages for the pay period, was not enough to pay Plaintiffs all the minimum wages owed to them for all their rest period and other non-productive work time during the pay period. This additional pay, when added to the amount of Plaintiffs' hourly wages for the pay period, was also not enough to pay Plaintiffs for all their rest period time during the pay period at a regular hourly rate determined in accordance with Labor Code Section 226.2 (a)(3). During their employment, Plaintiffs were not provided with a second rest period when they worked more than six hours but less than seven and one half hours in a workday, and Plaintiffs were not paid any premium wages on any of the occasions when a required second rest period was not provided. As a result, Plaintiffs were not provided with accurate wage statements, or wage statements that stated the amount of hours engaged in, or the amount of wages paid for, rest period and other non-productive work time; and, when Plaintiffs were laid off at the end of the 2016 harvest seasons, Plaintiffs were not paid all the wages owed to them upon the termination of that season of employment. To date, Defendant has not paid Plaintiffs any of the wages still owed to them or any of the penalty wages still owed to them under Labor Code Section 203 for violation of Labor Code Section 201.

### B. Defendants

5. At all relevant times, Defendant has been a corporation organized under the law of the State of California with a principal place of business in Salinas, California. Defendant harvests produce at various locations in the state of California. Defendant is or was the employer of Plaintiffs and other similarly situated Field Workers at the time Defendant breached its legal obligations to them as described herein, and Defendant continues to breach legal obligations owed to similarly situated Field Workers currently employed by Defendant.

6. Plaintiffs are ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, but are informed and believe and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

7. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

3
COMPLAINT

business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**CLASS ACTION ALLEGATIONS**

8. Plaintiffs bring their claims on behalf of themselves and all other similarly situated Field Workers (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the Class belong to the Field Worker Class, Rest Periods Class, Second Rest Periods Class, Restitution Class, Wage Statement Class and/or Final Wages Class, which are defined as follows:

**Field Workers Class**: All persons who, at any time since the date three years before the filing of the complaint in this action, worked for Defendant in California as a seasonal agricultural worker who performed field work harvesting strawberries.

**Rest Periods Class**: All persons who, at any time since January 1, 2016, worked for Defendant in California as a seasonal agricultural worker who performed field work harvesting strawberries.

**Second Rest Periods Class**: All persons who, at any time since the date three years before the filing of the complaint in this action, worked for Defendant in California as a seasonal agricultural worker who performed field work harvesting strawberries and worked more than six hours but less than seven and one half hours in a workday.

**Restitution Class**: All persons who, at any time since the date four years before the filing of the complaint in this action, worked for Defendant in California as a seasonal agricultural worker who performed field work harvesting strawberries.

**Wage Statement Class**: All persons who, at any time since the date one year before the filing of the complaint in this action, worked for Defendant in California as a seasonal agricultural worker who performed field work harvesting strawberries.

**Final Wages Class**: All persons who worked for Defendant in California as a seasonal agricultural worker who performed field work harvesting strawberries who had a period of employment during any harvesting season end at any time since the date three years before the filing of the complaint in this action.

9. Plaintiffs' class claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a. <u>Numerosity</u>. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 50 members in the Field Workers Class, not less than 50 members in the Rest Periods Class, not less than 50 members in the Second Rest Periods Class, not less than 50 members in the Restitution Class, not less than 50 members in the Wage Statement Class, not less than 50 members in the Final Wages Class, and not less than 50 members in the Class as a whole.

b. <u>Commonality</u>. There are questions of law or fact common to class members. These common questions include, but are not limited to:

(1) Does Defendant have a policy or practice of not paying Field Workers minimum wages for all their time spent taking rest periods and engaged in other non-productive work?

(2) Has Defendant, since January 2016, had a policy or practice of not paying Field Workers for all their rest period time at a regular hourly rate determined in accordance with Labor Code Section 226.2 (a)(3)?

(3) Does Defendant have a policy or practice of not providing second rest periods to Field Workers when they work more than six hours but less than seven and one half hours in a workday?

(4) Does Defendant have a policy or practice of not paying Field Workers premium wages when required second rest periods are not provided?

(5) Did Defendant engage in a "willful" failure to pay wages, thereby making Defendant liable for penalty wages under Labor Code Section 203?

(6) Did Defendant fail to provide Field Workers with accurate wage statements in violation of Labor Code Section 226 or the AWPA?

5
COMPLAINT

(7) Did Defendant fail to provide Field Workers with accurate wage statements in violation of Labor Code Section 226.2 or the AWPA?

(8) Did Defendant fail to pay Field Workers all wages due in violation of the AWPA?

c. <u>Typicality</u>. Plaintiffs are members of the Class, and their claims are typical of the claims of the other Class members Plaintiffs seek to represent. Plaintiffs suffered the same kinds of injuries suffered by other Class members and seek the same kind of relief sought by other Class members.

d. <u>Adequate Representation.</u> Plaintiffs will adequately and fairly protect the interests of the members of the Class. Plaintiffs have no interests adverse to the interests of absent Class members. Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

10. This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## FIRST CLAIM FOR RELIEF

## FAILIRE TO PAY MINIMUM WAGES

**(By Plaintiff and the Field Workers Class against Defendants)**

11. Plaintiffs incorporate paragraphs 1 through 10 of this complaint as if fully alleged

herein.

12. At all relevant times, Plaintiffs and the other members of the Field Workers Class were employees of Defendant covered by Labor Code Section 1197.

13. Pursuant to Labor Code Section 1197, Plaintiff sand the other members of the Field Workers Class were entitled to minimum wages for all hours engaged in activities deemed compensable hours worked.

14. Defendant failed to pay Plaintiffs and other members of the Field Workers Class all the minimum wages owed to them for all the hours engaged in activities deemed compensable hours worked. Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of paying Field Workers, separately from their piece rate wages, an amount of hourly wages that did not pay Field Workers minimum wages for all the time they spent taking rest periods and engaged in other non-productive work activities.

15. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Field Workers Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them.

16. Pursuant to Labor Code Section 1194, Plaintiffs and other members of the Field Workers Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiffs and other members of the Field Workers Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES OWED FOR REST PERIOD TIME

**(By Plaintiff and the Rest Periods Class against Defendants)**

17. Plaintiffs incorporate paragraphs 1 through 10 of this complaint as if fully alleged herein.

18. At all relevant times, Plaintiffs and the other members of the Rest Periods Class were employees of Defendant covered by Labor Code Section 226.2.

19. Pursuant to Labor Code Section 226.2, Plaintiffs and the other members of the Rest

Periods Class were entitled to wages for rest period time at a regular hourly rate determined in accordance with Labor Code Section 226.2 (a)(3).

20. Defendant failed to pay Plaintiffs and other members of the Rest Periods Class all the wages owed to them for all their rest period time. Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of paying Field Workers, separately from their piece rate wages, an amount of hourly wages that did not pay Field Workers wages for rest period time at a regular hourly rate determined in accordance with Labor Code Section 226.2 (a)(3).

21. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Rest Periods Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the wages owed to them for their rest periot time.

22. Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of the Rest Periods Class are entitled to recover the full amount of their unpaid wages reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the Rest Periods Class are entitled to recover prejudgment interest on the amount of their unpaid wages.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PROVIDE SECOND REST PERIODS

**(By Plaintiff and the Second Rest Periods Class against Defendants)**

23. Plaintiffs incorporate paragraphs 1 through 10 of this complaint as if fully alleged herein.

24. At all relevant times, Plaintiffs and the other members of the Second Rest Periods Class were employees of Defendant covered by Labor Code Section 226.7 and applicable Wage Orders.

25. Pursuant to applicable Wage Orders, Plaintiff and the other members of the Second Rest Periods Class were entitled to rest periods of at least 10 minutes for each four hour period of work.

26. Pursuant to Labor Code Section 226.7, Defendant was required to pay Plaintiffs and other members of the Second Rest Periods Class premium wages, equal to one hour of pay at their regular rate of pay, for each day that a legally required rest period was not provided.

27. Defendant failed to provide Plaintiffs and other members of the Second Rest Periods Class with all required rest periods in accordance with applicable Wage Orders and failed to pay Plaintiffs and other members of the Field Workers Class premium wages in accordance with Labor Code Section 226.7 when required rest periods were not provided. Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not providing Field Workers with second rest periods when they worked more than six hours but less than seven and one half hours in a workday and not paying them premium wages when required second rest periods were not provided.

28. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Second Rest Periods Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the premium wages owed to them when required second rest periods were not provided.

29. Plaintiffs and members of the Second Rest Periods Class are entitled to recover reasonable attorney's fees in connection with their rest period claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FOURTH CLAIM FOR RELIEF

### UNFAIR COMPETITION

**(By Plaintiff and the Restitution Class against Defendants)**

30. Plaintiffs incorporate paragraphs 1 through 29 of this complaint as if fully alleged herein.

31. The unlawful conduct of Defendant alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

32. As a result of Defendant's unfair competition as alleged herein, Plaintiffs and other members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiffs and members of the Restitution Class have been deprived of their rights to be paid all wages owed to them and to be provided all required second rest periods and Plaintiffs and members of the Restitution Class have not been paid all the monies owed to them under California law.

33. Pursuant to Business and Professions Code Section 17203, Plaintiffs and other members

of the Restitution Class are entitled to restitution of all wages or other monies owed to them under California law (including interest thereon), in which they had a property interest, which Defendant failed to pay to them. Restitution of the money owed to Plaintiffs and other members of the Restitution Class that Defendant wrongfully withheld and retained by means of engaging in unlawful business practices in violation of California law is necessary to prevent Defendant from becoming unjustly enriched by its failure to comply with California law.

34. Plaintiffs and members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

**(By Plaintiffs and the Wage Statement Class against Defendants)**

35. Plaintiffs incorporate paragraphs 1 through 29 of this complaint as if fully alleged herein.

36. At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendant covered by Labor Code Sections 226 and 226.2.

37. Pursuant to Labor Code Section 226(a), Plaintiffs and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing, *inter alia*, the total amount of gross wages earned during the pay period, the total amount of net wages earned during the pay period, the total number of hours worked during the pay period, and all the applicable hourly rates of pay during the pay period. Pursuant to Labor Code Section 226.2(a)(2), Plaintiffs and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement stating, separately from the information reequired by Section 226(a), the total hours of compensable rest periods, the rate of compensation, and the gross wages paid for those rest periods during the pay period.

38. Defendant failed to provide Plaintiffs and other members of the Wage Statement Class accurate itemized statements in accordance with Labor Code Section 226(a) and

226.2(a)(2). Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers all the wages owed to them, which resulted in members of the Wage Statement Class not receiving accurate wage statements in violation of Section 226(a), and Defendant had a policy or practice of providing Field Workers with wage statements which, in violation of Section 226.2, did not state the total hours of compensable rest periods, the rate of compensation, and the gross wages paid for those rest periods during the pay period.

34. Defendant's failure to provide Plaintiffs and other members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendant had the ability to provide Plaintiffs and other members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendant knew did not comply with all the requirements of Labor Code Section 226 or 266.2. Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers all the wages owed to them and Defendant had a policy or practice of providing Field Workers with wage statements that did not state the total hours of compensable rest periods, the rate of compensation, and the gross wages paid for those rest periods during the pay period.

35. As a result of Defendant's conduct, Plaintiffs and other members of the Wage Statement Class have suffered injury. From the wage statements provided to them alone, Plaintiffs and other members of the Wage Statement Class could not promptly and easily determine the total amount of gross wages actually earned during the pay period, the total amount of net wages actually earned during the pay period, the total number of hours of compensable rest periods during the pay period, the rate of compensation for rest periods, or the gross wages paid for rest periods during the pay period.

36. Pursuant to Labor Code Sections 226(e) and 226(a)(2), Plaintiffs and other members of the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226 or 226.2 occurred and one hundred dollars for each violation of Labor Code Section 226 or 226.2 in every subsequent pay period, not to an exceed an aggregate civil penalty of four thousand dollars per employee.

37. Pursuant to Labor Code Sections 218, 226(e), 226(g) and 226.2(a)(2), Plaintiffs and

11
COMPLAINT

other members of the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES UPON TERMINATION

**(By Plaintiff and the Final Wages Class against Defendants)**

39. Plaintiff incorporates paragraphs 1 through 29 of this complaint as if fully alleged herein.

40. At all relevant times, Plaintiffs and the other members of the Final Wages Class were employees of Defendant covered by Labor Code Sections 201 or 202.

41. Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees (including employees subject to seasonal layoffs) were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

42. Defendant failed to pay Plaintiffs and other members of the Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Sections 201 or 202. Plaintiffs are informed and believe and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers all the wages owed to them, which resulted in Defendant failing to pay them all the wages owed to them upon termination.

43. Defendant's failure to pay Plaintiffs and members of the Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendant had the ability to pay all wages earned by members of the Final Wages Class prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had a policy

or practice of not paying Field Workers minimum wages for all time spent taking rest periods and engaged in other non-productive work, not paying Field Workers wages for rest periods at a regular hourly rate determined in accordance with Labor Code Section 226.2(a)(3), and/or not paying premium wages when required second rest periods were not provided.

44. Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Final Wages Class are entitled to all wages earned prior to termination that Defendant failed to pay them.

45. Pursuant to Labor Code Section 203, Plaintiff and other members of the Final Wages Class are entitled to penalty wages for each termination of employment, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days of penalty wages for each termination of employment.

46. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

47. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203.

48. Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of the Final Wages Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code Section 203, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the Final Wages Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## SEVENTH CLAIM FOR RELIEF

## FAILURE TO COMPLY WITH THE AWPA

**(By Plaintiff and the Field Workers Class against Defendants)**

49. Plaintiffs incorporate paragraphs 1 through 48 of this complaint as if fully alleged herein.

50. At all relevant times, Plaintiffs and the other members of the Field Workers Class were

1 "seasonal agricultural workers" within the meaning of 29 U.S.C. § 1802(10).

50. At all relevant times, Defendant was an "agricultural employer" within the meaniong of 29 U.S.C. § 1802(2).

51. Pursuant to 29 U.S.C. § 1832, Defendant was required to pay Plaintiffs and the other members of the Field Workers Class all the wages owed to them when due.

52. Defendant failed to pay Plaintiffs and other members of the Field Workers Class all the wages owed to them when due in violation of 29 U.S.C. § 1832. Plaintiffs are informed and believe and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers all the wages owed to them, which resulted in Defendant failing to pay them all the wages due to them each payday and/or all the wages due to them upon termination.

53. Pursuant to 29 U.S.C. § 1821(d), Defendant was required to provide Plaintiffs and the other members of the Field Workers Class itemized wage statements for each pay period that accurately set forth the number of hours they worked and their total pay period earnings.

54. Defendant failed to pay provide Plaintiffs and other members of the Field Workers Class with accurate wage statements in violation of 29 U.S.C. § 1821(d). Plaintiffs are informed and believes and thereon allegse that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not paying Field Workers all the wages owed to them, which resulted in Field Workers not receiving accurate wage statements.

55. Defendant's failure to pay Plaintiffs and other members of the Field Workers Class all the wages owed to them when due in violation of 29 U.S.C. § 1832 and Defendant's failure to provide Plaintiffs and other members of the Field Workers Class with accurate wage statements in violation of 29 U.S.C. § 1821(d) were intentional. Defendant consciously and deliberately failed to pay Field Workers minimum wages for all time spent taking rest periods and engaged in other non-productive work, wages for rest periods at a regular hourly rate determined in accordance with Labor Code Section 226.2(a)(3), and/or premium wages when required second rest periods were not provided.

56. As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Field Workers Class have suffered damages in an amount, subject to proof, to the extent they were not paid

for all the wages owed to them.

57.     Pursuant to 29 U.S.C. § 1854, Plaintiffs and other members of the Field Workers Class are entitled to recover actual damages or statutory damages of up to $500 per class member per violation, not to exceed the aggregate amount of $500,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.  An order certifying that Plaintiffs may pursue their claims as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  An order appointing Plaintiffs as Class representatives and appointing Plaintiffs' counsel as Class counsel;

C.  Damages for unpaid minimum wages under Labor Code Section 1194;

D.  Liquidated damages under Labor Code Section 1194.2;

E.  Damages for unpaid rest period wages under Labor Code Section 226.2;

F.  Damages for unpaid premium wages under Labor Code Section 226.7;

G.  Restitution for unpaid wages under Business and Professions Code Section 17203;

H.  Civil penalties for inaccurate wage statements under Labor Code Section 226 and/or Labor Code Section 226.2;

I.  Damages for unpaid wages under Labor Code Sections 201 or 202;

J.  Damages for unpaid penalty wages under Labor Code Section 203;

K.  Actual damages or statutory damages under 29 U.S.C. § 1854;

L.  Pre-judgment interest;

M.  Costs;

N.  Reasonable attorney's fees; and

O.  Such other and further relief as the Court deems just and proper.

Dated: March 31, 2017

KARASIK LAW FIRM
LAW OFFICES OF SANTOS GOMEZ

By  /s/ *Gregory N. Karasik*
Gregory N. Karasik
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for themselves and all others similarly situated on all claims so triable.

Dated: March 31, 2017

KARASIK LAW FIRM
LAW OFFICES OF SANTOS GOMEZ

By   */s/ Gregory N. Karasik*
Gregory N. Karasik
Attorneys for Plaintiff